Thomas R. Curtin
Kathleen N. Fennelly
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Ave.
PO Box 2075
Morristown, NJ 07962-2075
Telephone: (973) 993-8100
Email: tcurtin@mdmc-law.com
kfennelly@mdmc-law.com

[see signature page for additional counsel]

ATTORNEYS FOR DEFENDANTS
Spruce Power 3, LLC and Spruce Power Holding Corp.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY AQUILINO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Spruce Power 3, LLC; and Spruce Power Holding Corp., and ABC Corporations 1-10, Fictitious Entities j/s/a,<br><br>    Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Spruce Power 3, LLC, ("Spruce Power 3") and Spruce Power Holding Corp. ("Spruce Power Holding") (collectively, "Defendants") remove *Aquilino v. Spruce Power 3, LLC, and Spruce Power Holding Corp.*, No. GLO-L-000686-24, Superior Court of Gloucester County, New Jersey to the United States District Court for the District of New Jersey on the ground that this Court has diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. In support of removal, Defendants state as follows:

## BACKGROUND

1.      On May 29, 2024, Plaintiff Anthony Aquilino filed a Complaint, individually and on behalf of all others similarly situated, against Spruce Power 3 and Spruce Power Holding in Superior Court of Gloucester County, New Jersey ("State Court Action"). (*See* Complaint, attached as Ex. A.)

2.      Plaintiff Aquilino alleges a violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 *et seq.* ("NJCFA"), Breach of Express Warranty—Use Warranty, N.J. Stat. Ann. § 12A:2A-210 *et seq.*, and Breach of Express Warranty—Performance Guarantee, N.J. Stat. Ann. § 12A:2A-210 *et seq.* (Ex. A, Compl. ¶¶ 57-87.) Plaintiff alleges that Defendants violated the NJCFA by making misrepresentations or omissions about the efficiency and output of a solar power energy system he purchased. (*Id.* ¶ 62.) Plaintiff also alleges that Defendants breached certain warranties. (*Id.* ¶¶ 68-87.)

3.      Plaintiff brings this action individually and on behalf of the following proposed Class:

> All New Jersey residents who contracted with NRG Home Solar for the lease, installation, repair, and warranty of residential solar energy systems and whose contracts were acquired by Defendants.

(*Id.* ¶ 50.)

4.       Plaintiff specifically identifies three types of alleged damages: (1) the amount of his monthly lease payments of $134.74, *id.* ¶¶ 15 & 64, (2) the amount he allegedly paid to his utility company to make up for the solar energy system's alleged production shortfall, which he alleges is $4730.16, *id.* ¶¶ 48 & 65, and (3) the amount of the Performance Credit he claims he is owed due to the system's alleged failure to produce the Guaranteed Output and that Defendants allegedly failed to pay, *id.* ¶¶ 66, 74, 86. Plaintiff also seeks treble damages and attorneys' fees on

the NJCFA claim, *id.* ¶ 67, and damages based on alleged overpayments to lease the solar energy systems at issue on the use warranty and performance warranty claims, *id.* ¶¶ 77, 87.

5.      Defendants deny all liability and damages, and they deny that Plaintiff may certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## GROUNDS FOR REMOVAL

### I.    REMOVAL IS TIMELY.

6.      Plaintiff served each Defendant on June 3, 2024. This Notice of Removal is being filed on July 3, 2024. Removal of this action is therefore timely under 28 U.S.C. § 1446(b).

### II.    THE COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA.

7.      CAFA reflects Congress's intent to have federal courts adjudicate substantial class-action suits brought against out-of-state defendants. *See* S. Rep. No. 109-14, at 42-43 (2005) ("Senate Report"); H.R. Rep. No. 108-144, at 35-37 (2003). To effectuate this purpose, CAFA expands federal jurisdiction over such class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5 million in the aggregate for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

8.      A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B). Plaintiff does not identify the Rule under which he seeks an order certifying a class, but he presumably sought certification under New Jersey's similar class certification rule in his state court Complaint. Plaintiff filed a "class action" within the meaning of CAFA because he filed a civil action seeking certification of a class under N.J. Ct. R. 4:32-1, the only rule applicable to a New Jersey state court action in which a party seeks class certification.

9.      By design, CAFA "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). When a defendant seeks removal under CAFA, it need only file a notice of removal in the district court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Thus, "by borrowing the familiar 'short and plain statement' standard from Rule 8(a)," Congress "intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* at 553 (quoting H.R. Rep. No. 100-889, at 71 (1988)). Accordingly, when a defendant seeks removal under CAFA, its notice need only "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

10.     This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, based on the allegations in the Complaint and Defendants' investigation, (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities; and (5) no CAFA exception applies. *See* 28 U.S. C. § 1332(d).

**A.      The Parties are Minimally Diverse.**

11.     The first CAFA requirement—that the parties be minimally diverse—is satisfied because at least one putative class member is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

12.     Plaintiff is a New Jersey citizen. (Ex. A, Compl. ¶ 11.) Plaintiff alleges that the putative class consists of "[a]ll New Jersey residents who contracted with NRG Home Solar for the

lease, installation, repair, and warranty of residential solar energy systems and whose contracts were acquired by Defendants." (*Id.* ¶ 50.)

13.    Defendant Spruce Power Holding is a Delaware corporation organized with its principal place of business in Colorado. (*Id.* ¶ 13.)

14.    Defendant Spruce Power 3 is a wholly owned subsidiary of Defendant Spruce Power Holding. (*Id.* ¶ 12.) Because Spruce Power 3 is a Limited liability Company, and the citizenship of a Limited Liability Company is the citizenship of all its members, Defendant Spruce Power 3 has the citizenship of its sole member Defendant Spruce Power Holding, which is Delaware and Colorado.

15.    Accordingly, because there is at least minimal diversity between the parties, the first CAFA requirement is satisfied.[1] *See* 28 U.S.C. § 1332(d)(2).

**B.    The Putative Class Size Exceeds 100 Members.**

16.    The second CAFA requirement—that the putative class consists of at least 100 members—also is met.

17.    Plaintiff seeks certification of the following class: "All New Jersey residents who contracted with NRG Home Solar for the lease, installation, repair, and warranty of residential solar energy systems and whose contracts were acquired by Defendants." (*Id.* ¶ 50.)

18.    There are more than 3,000 New Jersey residents who contracted with NRG Home Solar for the lease, installation, repair, and warranty of residential solar energy systems and whose contracts were acquired by Defendants.

---

[1] The citizenship of the fictitious Defendants "ABC CORPORATIONS 1-10, Fictitious Entities j/s/a," if any, is irrelevant because CAFA only requires minimal diversity. *See, e.g., Armstrong v. Argosy Educ. Grp. Inc.*, No. C14-852 MJP, 2014 WL 12674280, at *2 (W.D. Wash. Aug. 5, 2014); *Dintelman v. Kellogg Co.*, No. CIV. 09-945-GPM, 2010 WL 520284, at *2 n. 1 (S.D. Ill. Feb. 12, 2010).

19.    Because Plaintiff's class definition includes more than 100 putative class members, the requisite putative class size is established. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    The Minimum Amount in Controversy Is Satisfied.**

20.    The third CAFA requirement—the minimum amount in controversy—also is met. The amount in controversy must exceed the sum or value of $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of individuals comprising a putative class are aggregated. *Id.* § 1332(d)(6).

21.    A notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 554. A party need not submit evidence with the Notice of Removal. *See id.* ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

22.    When a plaintiff asserts a claim pursuant to a statute, the potential recovery of attorneys' fees and treble damages must be considered if they are available under that statute. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508, n. 12 (3d Cir. 2014) (holding treble damages must be considered in arriving at the amount in controversy); *Verma v. 3001 Castor*, Inc., 937 F.3d 221, 227 (3d Cir. 2019) (holding "attorneys' fees ... do count for CAFA's amount-in-controversy threshold").

a.    An award of treble damages and attorneys' fees for an NJCFA claim is mandatory. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 198 n.71 (3d Cir. 2016) (holding that the NJCFA "mandates that successful plaintiffs receive treble damages and attorneys' fees and costs"); *Smith v. HSN, Inc.*, No. 20-CV-12869-JXN-ESK, 2021 WL 9315794, at *4

(D.N.J. Oct. 12, 2021), *r. & r. adopted*, No. CV2012869JXNESK, 2022 WL 3572820 (D.N.J. Aug. 18, 2022).

   b.   New Jersey federal courts have acknowledged that an award of 30% for attorneys' fees is reasonable. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015) (holding that when determining whether the amount in controversy has been met in a case removed under CAFA, it should be estimated that "[a] median recovery range for attorney's fees is approximately 30 percent"); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (mandating district courts "consider attorney's fees" when deciding whether the CAFA Threshold has been met on a motion to remand, and noting that "[f]ees could be as much as thirty percent of the judgment"); *see also HSN*, 2021 WL 9315794, at *6; *Haynes v. Artech L.L.C.*, No. 20-09173, 2021 WL 3130826, at *2 (D.N.J. July 23, 2021); *Kendall v. CubeSmart L.P.*, No. 15-06098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015); *Demmick v. Cellco P'ship*, No. 06-02163, 2015 WL 13643682, at *15 (D.N.J. May 1, 2015).

   23.   Focusing on just one of the three categories of damages Plaintiff seeks, the $5 million amount in controversy requirement is easily met.

   24.   Plaintiff seeks to recover the amount he paid to his utility company to make up for the system's alleged production shortfall, which he alleges is $4730.16. (Ex. A, Compl. ¶¶ 48 & 65.)

   25.   There are more than 3,000 New Jersey residents who contracted with NRG Home Solar for the lease, installation, repair, and warranty of residential solar energy systems and whose contracts were acquired by Defendants, which means there are over 3,000 putative class members based on Plaintiff's class definition.

26.     Assuming that the $4730.16 he specifically alleges is an average amount for each putative class member, the $5,000,000 amount in controversy is easily met.

a.     Trebling $4730.16 is $14,190.48. Attorneys' fees of thirty percent of $14,190.48 is $4,257.14. Adding the attorneys' fees of $4,257.14 to the treble damages of $14,190.48 is $18,447.62. With more than 3,000 class members, the alleged class damages for the NJCFA claim would be over $55,000,000.

b.     Even if the average alleged damages were only $500, or approximately 10% of the damages alleged by Plaintiff, the amount in controversy would still be met. Trebling $500 is $1,500. Attorneys' fees of thirty percent of $1,500 would be $500. Adding the attorneys' fees of $500 to the treble damages of $1,500 is $2,000. Multiplying the $2,000 amount by 3,000 class members is $6,000,000, which easily meets the amount in controversy.

27.     Thus, the $5,000,000 amount in controversy requirement is easily met.

**D.     None of the CAFA Exceptions Applies.**

28.     CAFA provides certain exceptions to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(5). Each CAFA exception requires, as a starting point, an in-state defendant or a government entity defendant. 28 U.S.C. § 1332(d)(3)-(5). As shown above, neither Defendant is a citizen of New Jersey, and the citizenship of the fictitious Defendants is disregarded, so there is no in-state defendant. Furthermore, neither Defendant is a State, State official, or other governmental entity. *See* 28 U.S.C. § 1332(d)(5). No CAFA exception applies.

**III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.**

29.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1332(b)(2) and 1441(a).

30.     Pursuant to the provisions of 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the federal district court embracing the place where the state court suit is pending and the cause of action arose.

31.     Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto all the state court process, pleadings and orders served upon them. (Ex. B.)

32.     Promptly after filing this Notice of Removal, Defendants shall cause a true and correct copy of the same to be filed with the Clerk of the Court for the Superior Court of New Jersey, Gloucester County, where the case was filed, pursuant to 28 U.S.C. § 1446(d), along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as Ex. C.

33.     No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are reserved. Defendants specifically do not waive their right to compel arbitration pursuant to the arbitration provision in Plaintiff's lease agreement. Defendants promptly will move to compel arbitration of Plaintiff's claims.

WHEREFORE, Defendants respectfully request that this action be duly removed from the Superior Court of New Jersey, Gloucester County, Law Division, to this Court.

Dated: July 3, 2024.                                     Respectfully submitted,


                                                        *s/ Kathleen N. Fennelly*
                                                        Thomas R. Curtin
                                                        Kathleen N. Fennelly
                                                        McElroy, Deutsch, Mulvaney & Carpenter, LLP
                                                        1300 Mount Kemble Ave.
                                                        PO Box 2075
                                                        Morristown, NJ 07962-2075
                                                        Telephone: (973) 993-8100
                                                        Email: tcurtin@mdmc-law.com
                                                        kfennelly@mdmc-law.com

Peter W. Herzog III (*pro hac vice* anticipated)
One Metropolitan Square
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Telephone:     314.326.4128
Facsimile:     303.244.1879
Email: pherzog@wtotrial.com

Attorneys for Defendants Spruce Power 3, LLC
and Spruce Power Holding Corp.

# EXHIBIT A

**SPECTOR ROSEMAN & KODROFF, P.C.**
**Cary Zhang**
NJ Attorney ID: 379482021
**John Macoretta**
NJ Attorney ID: 03912-1990
**William Caldes**
NJ Attorney ID: 00062-1995
**Diana Zinser**
*Pro Hac Vice forthcoming*
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300
Attorneys for Plaintiff

---

| | |
|---|---|
| ANTHONY AQUILINO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SPRUCE POWER 3, LLC; and SPRUCE POWER HOLDING CORP., and ABC CORPORATIONS 1-10, Fictitious Entities j/s/a, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION GLOUCESTER COUNTY <br><br> Civil Action <br><br> Docket No. _____ <br><br> **CLASS ACTION COMPLAINT, JURY DEMAND, AND CERTIFICATION** |

---

Plaintiff Anthony Aquilino ("Plaintiff"), on behalf of himself and all others similarly situated, avers the following against Defendants Spruce Power 3, LLC, and Spruce Power Holding Corp. (collectively, "Spruce" or "Defendants") based upon personal knowledge, information and reasonable belief, and the investigation of counsel:

## **INTRODUCTION**

1.     This is an action brought by Plaintiff Anthony Aquilino against Defendants for violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 *et seq.* ("NJCFA")

for making misrepresentations about the efficiency and output of its solar power energy systems.

2.      In January 2016, Plaintiff had a residential solar energy system installed at his home. The lease agreement between Plaintiff and NRG Home Solar ("NRG"), the original owner and lessor of the solar energy system, guaranteed a cumulative output of approximately 8,200 kWh per year. If the solar energy system did not produce the guaranteed cumulative output each year, NRG was required to pay Plaintiff a performance credit. Plaintiff relied on this guarantee when he made the decision to lease and install the solar energy system.

3.      For approximately 4 years, Plaintiff's solar energy system met this performance guarantee by producing in excess of the contractually-guaranteed output. In the months when Plaintiff's household energy usage exceeded the amount produced by the solar energy system, Plaintiff paid the difference to his utility company, Atlantic City Electric.

4.      In November 2020, NRG sold its portfolio of nearly 9,000 residential solar power energy systems—including Plaintiff's—to Spruce.

5.      Plaintiff began experiencing problems almost immediately after Defendants acquired Plaintiff's solar energy system from NRG. The system no longer produced the contractually guaranteed monthly minimum energy output, or any output at all in some months, and Defendants failed to pay Plaintiff for this underproduction.

6.      Because the solar energy system was no longer producing enough power for his household, Plaintiff had to pay Atlantic City Electric to make up the difference. As a result, his monthly utility payments rose as high as $384.04, when they should have been much lower or even negative.

7.      Plaintiff contacted Spruce at least 12 times about the problems with the solar energy system. Defendant failed to address or fix the problems but still demanded that Plaintiff make his monthly lease payments.

8.      Plaintiff is not the only solar energy customer with complaints about Defendants. In May 2023, the Connecticut Attorney General began investigating Defendants in connection with

over 20 complaints its office received related to the output of Defendants' solar energy systems, as well as problems with billing and repairs.[1]

9.      Spruce has over 275 customer reviews on the Better Business Bureau website with an average customer rating of 1.05 out of 5 stars. Their complaints regarding Defendants are very similar to Plaintiff's:

> Robert D (01/03/2024): "I am still waiting for our annual payment for non production [for] months. Their customer service sucks."

> Peter D (10/26/2023): "My solar unit has been down since May 2023 and they have not come out to fix my solar panel unit and it is costing me hundreds of dollars more in energy bills."

> Randy H (07/31/2023): "We have 26 panels and 17 of these doesn't [sic] work for a few months already and I can't make them to fix it. I am still paying monthly for leasing them. And have electricity bill is going up. Terriblle [sic] service or no service at all. Called them so many times but nobody is calling back. Fraud company!

10.      Spruce has 82 customer reviews on Yelp, all of which award it 1 out of 5 stars. Other New Jersey residents had complaints similar to Plaintiff's:

> Kathryn S. (9/19/2022, NJ): "I had [sic] a solar system on my roof for the past 6 years. For the 4 years the system [sic] was awesome….Before Covid hit the monitoring system began to not register any production going from our system to the electric company. This has gone on for more than 2 years. We are at our wits end with this company not doing anything at all to fix this problem…we the customer don't get any credit for what we produce."

> Sean B. (9/12/2022, NJ): "This company blatantly refuses to honor the terms of the agreement. In my case the solar panels were defective and began underproducing and cracking 3 years ago. Despite Spruce Power being responsible for all equipment they've not agreed to replace the panels.

## **PARTIES**

11.      Plaintiff Anthony Aquilino is a natural person and citizen of New Jersey and

---

[1] "CT attorney general investigating Spruce Power solar company as customer complaints rise," WFSB, *available at* https://www.wfsb.com/2023/05/03/ct-attorney-general-investigating-spruce-power-solar-company-customer-complaints-rise/.

resident of Williamstown, Gloucester County.

12.     Defendant Spruce Power 3, LLC, is a limited liability company authorized to do business in New Jersey and organized under the laws of Delaware with its principal place of business located at 820 Gessner Road Suite 500, Houston, Texas, 77024. Defendant is a leading owner and operator of distributed solar energy systems across the United States with more than 72,000 residential solar customers as of March 2023.[2] Defendant Spruce Power 3, LLC, is a wholly-owned subsidiary of Defendant Spruce Power Holding Corporation.

13.     Defendant Spruce Power Holding Corporation is a corporation organized under the laws of Delaware with its principal place of business located at 2000 South Colorado Boulevard Suite 2-825, Denver, Colorado 80202. Defendant engages in the ownership and operation of distributed solar energy assets.

## FACTS

14.     Plaintiff is the lawful owner of residential property located at 604 Stockton Drive, Williamstown, New Jersey, 08094.

15.     In January 2016, Plaintiff entered into a lease agreement ("Lease") with NRG Home Solar, a wholly-owned subsidiary of NRG Energy, Inc., to lease a residential solar energy system ("System") for a period of 20 years. Plaintiff's lease payment is $134.74 per month over a term of 20 years, for a total of 240 monthly lease payments.

16.     The Lease summarized NRG Home Solar's obligations:

> NRG Home Solar insures, maintains and repairs the Solar System at no additional cost to you, as described in the Lease.
>
> NRG Home Solar will monitor the Solar System at no additional cost to you, as described in the Lease.
>
> NRG Home Solar guarantees the Solar System's kWh production, as described in the lease.

---

[2] https://investors.sprucepower.com/news/news-details/2023/Spruce-Power-Reports-First-Quarter-2023-Results/default.aspx.

**Performance Guarantee and Performance Credit**

17.     The Lease contains a Performance Guarantee, which states, "Each year [NRG Home Solar] will measure cumulative production and reimburse you for underproduction according to Exhibit 4. You will not pay extra for any surplus energy produced by the system."

18.     More specifically, NRG Home Solar "guarantee[d] that as of each anniversary of the Production Date, the Solar System will have produced Actual Power . . . greater than or equal to the corresponding Guaranteed Power . . . ."

19.     The Performance Guarantee covers the entire 20-year term of the Lease.

20.     Figure 1 below is the Lease's Guaranteed Power Table and details the Cumulative Estimated Power and Cumulative Guaranteed Power amounts over the life of the lease:

| Guaranteed Power Table | | |
|---|---|---|
| Anniversary of Production Date | Cumulative Estimated Power (kWh) | Cumulative Guaranteed Power (kWh) |
| 1 | 9,574 | 8,617 |
| 2 | 19,081 | 17,173 |
| 3 | 28,521 | 25,669 |
| 4 | 37,896 | 34,106 |
| 5 | 47,204 | 42,484 |
| 6 | 56,448 | 50,803 |
| 7 | 65,627 | 59,064 |
| 8 | 74,742 | 67,267 |
| 9 | 83,792 | 75,413 |
| 10 | 92,780 | 83,502 |
| 11 | 101,704 | 91,534 |
| 12 | 110,566 | 99,510 |
| 13 | 119,366 | 107,430 |
| 14 | 128,105 | 115,294 |
| 15 | 136,782 | 123,104 |
| 16 | 145,399 | 130,859 |
| 17 | 153,955 | 138,559 |
| 18 | 162,451 | 146,206 |
| 19 | 170,888 | 153,799 |
| 20 | 179,266 | 161,339 |

**Figure 1**.

21.     If the System did not produce the minimum Guaranteed Power for a given year, NRG was required to pay Plaintiff a "Performance Credit" which equaled a reimbursement for any

System underproduction.

22.     For the first 4 years of the Lease, between 2016 and 2020, the System met or exceeded the Performance Guarantee.

**Limited Warranty on Use**

23.     The Lease also contains a limited warranty on the installation and use of the System ("Use Warranty").

24.     Spruce warrants the System "under normal use and service conditions, against any defect or deficiency in workmanship."

25.     If Spruce breaches the Use Warranty, it must "(i) repair or replace the Solar System, or (ii) continue to pay to you the required amounts under the Performance Guarantee, without making the repair or replacement."

26.     The Use Warranty covers the entire 20-year term of the Lease.

**Transfer to Spruce Solar**

27.     Under the terms of the Lease, NRG Home Solar was permitted to "transfer, sell, or otherwise assign all or any of its rights and/or obligations under this Lease or any Incentive to any other party . . ."

28.     In November 2020, Defendants acquired all of NRG Home Solar's residential solar energy systems, including the System leased by Plaintiff.[3] By doing so, Defendants assumed all of NRG Home Solar's obligations under the Lease, including the performance guarantee and the obligation to perform all repairs and maintenance for the System as required by warranty.

29.     In or around August 2021 after Defendants took over Plaintiff's Lease with NRG Home Solar, the System began to malfunction by, among other defects, not producing the Guaranteed Power output, or any output in some months, and failing to meet the Performance Guarantee.

---

[3] Spruce Power Holding Corp. Form 10-K at F-35, *available at* https://www.sec.gov/Archives/edgar/data/1772720/000162828023009917/xl1-20221231.htm.

30.     For example, Defendants represented that the System would produce a cumulative Guarantee Power output of just over 67,000 kW by the eighth anniversary of installation in 2023, or an average of 700 kWH per month.

31.     However, from May to December of 2022, and from September to December of 2023, the System produced 0 kWH.

32.     From February 2022 through December 2022, the System produced approximately 2,450 kWh, far below the minimum output of 8,203 kWh guaranteed under the Lease between January 2022 and January 2023, the seventh and eighth anniversaries of installation.

33.     From January 2023 to December 2023, the System produced 5,652 kWh, again far below the minimum output of 8,146 kWh guaranteed under the Lease between January 2023 and January 2024, the eighth and ninth anniversaries of installation. Defendant also failed to pay Plaintiff the Performance Credit.

34.     Defendant also failed to maintain and repair the System as required by the Lease's Limited Warranty.

35.     Plaintiff contacted Spruce at least 12 times between April 2022 and June 2023 requesting that Spruce repair or replace the defective System and compensate Plaintiff for the reduced power output. However, Spruce has consistently refused or failed to rectify the defects in the System or pay the required Performance Credit.

36.     Spruce consistently and repeatedly ignored Plaintiff's complaints regarding the System's energy output. Even after finally responding to Plaintiff's complaints, Spruce failed to repair the system.

37.     Plaintiff contacted Spruce in April 2022, May 2022, and June 2022, before Spruce finally responded in June 2022 that its service partner, SolarX, would be reaching out to Plaintiff to set up a site visit to examine the System.

38.     In September 2022 and October 2022, Spruce informed Plaintiff that the service partner was waiting for required materials to repair the system.

39.     In December 2022, January 2023, and February 2023, Spruce informed Plaintiff that it was waiting for "service notations" from the service partner.

40.     Defendants never made the necessary repairs, and in fact placed the burden on Plaintiff for the System's failures. In March 2023, Defendants informed Plaintiff that "something may be interfering with your production" and instructed Plaintiff to hose down the roof panels and trim nearby trees.

41.     In April or May 2023, Plaintiff responded that he had cleaned the panels and that there were no trees nearby. Spruce asked whether there had been any recent power outages in the area. Plaintiff responded that there had been no power outages and that the System had not worked for over a year and a half.

42.     In May 2023, Spruce requested that Plaintiff provide a photo of the meter screen as well as copies of his utility statements for the past 4 months. Plaintiff sent these to Spruce, who again instructed Plaintiff to hose off the roof panels and trim nearby trees.

43.     All communications between Plaintiff and Spruce were via email. Plaintiff requested several times for a representative of Spruce to call him to discuss the problem, but no one ever called him.

44.     The System has continued to not function properly since Defendants took over Plaintiff's lease with NRG Home Solar.

45.     Even though Spruce has not repaired the System and the System is not producing energy, Spruce still demands that Plaintiff make the required lease payments.

46.     In June 2023 and July 2023, Spruce's billing department contacted Plaintiff, informing him Spruce had "attempted to contact you multiple times but has not yet received payment against the past due invoices for your account."

47.     As a result of the System's production shortfall, Plaintiff has had to pay Atlantic City Electric for energy which should have been produced by the System in order to make up for the shortfall in the kW production of the System. These payments are in addition to the monthly

lease payments he has been making to Defendants.

48.      As a result of the System failing to function as described in the Lease since Defendants acquired it from NRG Home Solar, Plaintiff has had to pay a total of $4730.16 between March 2022 and February 2024 to Atlantic City Electric, which is significantly more than Plaintiff had to pay before Spruce Solar acquired the Lease from NRG Home Solar.

49.      Plaintiff would not have leased the System but for the Lease's Performance Guarantee and Performance Credit.

**CLASS ALLEGATIONS**

50.      Plaintiff brings this action individually and on behalf of the following Class:

> All New Jersey residents who contracted with NRG Home Solar for the lease, installation, repair, and warranty of residential solar energy systems and whose contracts were acquired by Defendants.

51.      Excluded from the Class are: (1) any judge or magistrate presiding over this action and any members of their immediate families; and (2) Defendants, Defendants' subsidiaries, affiliates, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and its current or former employees, officers, and directors.

52.      **Numerosity.** The exact number of members of the Class is unknown and unavailable to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals who can be identified through Defendants' records.

53.      **Typicality.** Plaintiff's claims are typical of the claims of other members of the Class because they arise from the same conduct by Defendants and are based on the same legal theories.

54.      **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of members of the Class and have the resources to do so. Neither Plaintiff nor their counsel have any interest adverse to those of the other members of the Class.

55.      **Commonality and Predominance.** The Class's claims present common questions

of law and fact, and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not limited to:

    a. Whether Defendants made false or misleading statements or misrepresentations about the efficacy of the residential solar energy systems;

    b. Whether Defendants intended that Plaintiff and Class members rely on its statements about the efficacy of the residential solar energy systems;

    c. Whether misrepresenting the efficacy of the residential solar energy systems is a violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2;

    d. Whether Defendants breached their express warranties with respect to the residential solar energy systems;

    e. Whether members of the Class are entitled to damages or other relief; and

    f. The amount and nature of relief to be awarded to Plaintiff and other Class members.

56.    **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by each individual Class member is significant, the amount is modest compared to the expense and burden of individual litigation. A class action will present fewer management difficulties than individual litigation and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## <u>CLAIMS FOR RELIEF</u>

### <u>FIRST CLAIM FOR RELIEF</u>
**Violations of the New Jersey Consumer Fraud Act (NJCFA),**
**N.J. Stat. Ann. § 56:8-1 *et seq.***

57.    Plaintiff realleges and incorporates the preceding allegations of this Complaint as if fully stated herein.

58.    The NJCFA, N.J. Stat. Ann § 56:8-2 provides as follows:

The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of

any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice[.]

59.     Defendants, Plaintiff, and Class members are "persons" under N.J. Stat. Ann. § 56:8-1(d).

60.     The Systems leased by Defendants to Plaintiff and Class members are "merchandise" within the meaning of the NJCFA, N.J. Stat. Ann. § 56:8-1(c) because they are goods offered for sale to the public.

61.     Plaintiff's and Class members' leases of the System from Defendants are "sales" under N.J. Stat. Ann. § 56:8-1(e).

62.     In the course of their business, Defendants violated the NJCFA by knowingly and intentionally mispresenting, omitting, concealing, and/or failing to discuss material facts about the efficacy of its residential solar power systems, by furnishing defective residential solar energy systems that do not generate the promised minimum power output, by failing to subsequently reimburse Plaintiff and class members for the Systems' underproduction of power as promised, by denying defects with the Systems, and by failing to subsequently repair or replace the defective systems as promised.

63.     Plaintiff would not have leased the System but for the Lease's Performance Guarantee, Performance Credit, and Use Warranty provisions.

64.     Plaintiff has suffered measurable loss as a direct result of Defendants' unlawful practices in the form of the lease payments he has made to Defendants.

65.     Plaintiff also suffered measurable loss because of the payments he has been required to make to Atlantic City Electric to make up for the System's production shortfall.

66.     Plaintiff has suffered further measurable loss because Defendants failed to pay Plaintiff the required Performance Credit after the System failed to produce the Guaranteed Output.

67.     Pursuant to N.J. Stat. Ann. § 56:8-19, Plaintiff and the Class seek treble damages,

costs, attorneys' fees, and any other legal or equitable relief the Court may deem just and proper.

**SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty—Use Warranty,**
**N.J. Stat. Ann. § 12A:2A-210 et seq.**

68.     Plaintiff realleges and incorporates the preceding allegations of this Complaint as if fully stated herein.

69.     The Systems leased by Defendants to Plaintiff and Class members are "goods" under N.J. Stat. Ann. § 12A:2A-103(1)(h).

70.     Defendant is a "lessor" under N.J. Stat. Ann. § 12A:2A-103(1)(p).

71.     Plaintiff and Class members who leased the Systems are "lessees" under N.J. Stat. Ann. § 12A:2A-103(1)(n).

72.     The leases for all Systems Defendants acquired from NRG Home Solar contained an express written warranty, under normal use and service conditions, against any defects or deficiencies in workmanship. If Defendants breached this Use Warranty, Defendants were required to either repair and replace the System or continue paying the required amounts under the Performance Guarantee without making the repair or replacement.

73.     The warranty listed above formed the basis of the bargain with regard to Plaintiff's and Class members' leases of the Systems.

74.     Defendants knowingly breached the Use Warranty for the Systems because:

    a.     Defendants were aware that Plaintiff's leased System consistently failed to produce the Guaranteed Output after repeated complaints from Plaintiff.

    b.     Defendants knowingly failed to repair or replace Plaintiff's leased System after repeated requests from Plaintiff.

    c.     Defendants knowingly failed to pay Plaintiff the required Performance Credit after repeated requests from Plaintiff; and

12

      d.   Defendants were aware of the same complaints about the performance of their Systems from other Class members.

75.     Defendants knew or should have known that the warranty was false or misleading.

76.     Plaintiff and Class members provided Defendants with notice of the issues raised in this complaint and an opportunity to cure. However, Defendants have neither repaired nor replaced the faulty Systems, nor paid the required Performance Credits, as promised in the Use Warranty.

77.     As a direct and proximate result of Defendants' breach of the express Use Warranty, Plaintiff and Class members have been damaged, in an amount to be proven at trial, through their overpayment to lease the defective systems.

### THIRD CLAIM FOR RELIEF
### Breach of Express Warranty—Performance Guarantee,
### N.J. Stat. Ann. § 12A:2A-210 *et seq.*

78.     Plaintiff realleges and incorporates the preceding allegations of this Complaint as if fully stated herein.

79.     The Systems leased by Defendants to Plaintiff and Class members are "goods" under N.J. Stat. Ann. § 12A:2A-103(1)(h).

80.     Defendants are "lessors" under N.J. Stat. Ann. § 12A:2A-103(1)(p).

81.     Plaintiff and Class members who leased the Systems are "lessees" under N.J. Stat. Ann. § 12A:2A-103(1)(n).

82.     The leases for all Systems Defendants acquired from NRG Home Solar contained an express written warranty that the System would perform as described in the Performance Guarantee. If Defendants breached the Performance Guarantee, Defendants were required to pay the Performance Credit, which amounted to a reimbursement for the System's underproduction.

83.     This warranty formed the basis of the bargain with regard to Plaintiff's and Class members' leases of the Systems.

84.    Defendants knowingly breached this warranty for the Systems because:

    a.  Defendants were aware that Plaintiff's leased System consistently failed to produce the Guaranteed Output after repeated complaints from Plaintiff.

    b.  Defendants knowingly failed to pay Plaintiff the required Performance Credit after repeated requests from Plaintiff; and

    c.  Defendants were aware of the same complaints about the performance of their Systems from other Class members.

85.    Defendants knew or should have known that the warranty was false or misleading.

86.    Plaintiff and Class members provided Defendants with notice of the issues raised in this complaint and an opportunity to cure. However, Defendants have not paid the guaranteed Performance Credits.

87.    As a direct and proximate result of Defendants' breach of the express warranty, Plaintiff and Class members have been damaged, in an amount to be proven at trial, through their overpayment to lease the faulty systems.

## PRAYER FOR RELIEF

88.    Plaintiff, on behalf of himself and all others similarly situated, request the Court to enter judgment in favor of Plaintiff and against Defendants, and grant the following relief:

    a.    An order certifying the proposed Class and naming Plaintiff as the Class representative and designating the undersigned as Class Counsel,

    b.    An order finding that Defendants' conduct as alleged herein is unlawful,

    c.    Damages in an amount to be determined at trial,

    d.    An award of pre-judgment and post-judgment interest, as allowed by law,

    e.    An award of attorneys' fees and costs, as allowed by law, and

    f.    Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable by a jury.

Dated: May 29, 2024

Respectfully submitted,

/s/ Cary Zhang___

**SPECTOR ROSEMAN & KODROFF, P.C.**
**Cary Zhang**
NJ Attorney ID: 379482021
**John Macoretta**
NJ Attorney ID: 03912-1990
**William Caldes**
NJ Attorney ID: 00062-1995
**Diana Zinser**
*Pro Hac Vice forthcoming*
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300
Attorneys for Plaintiff

**JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.**
Stanley O. King
NJ Attorney ID: 034131996
1000 Haddonfield- Berlin Road
Suite 203
Voorhees, NJ 08043
Phone: (856) 596-4100

**GARBER LAW, P.C.**
Evan Samuel Garber
NJ Attorney ID: 380102021
The Greens of Laurel Oak
1200 Laurel Oak Road, Suite 104
Voorhees, New Jersey 08043
Phone: (856) 435-5800

*Attorneys for Plaintiff and the Proposed Class*

**CERTIFICATION PURSUANT TO RULE OF CIVIL PROCEDURE 4:5-1**

Pursuant to the provisions of R. 4:5-1, the undersigned hereby certifies to the best of his knowledge, information, and belief that:

1. The matter in controversy is not the subject of any other proceeding.

2. There is no other action or arbitration contemplated.

3. There are no other parties who should be joined in the matter in controversy.

Dated: May 29, 2024

Respectfully submitted,

*/s/ Cary Zhang___*
SPECTOR ROSEMAN & KODROFF, P.C.
**Cary Zhang**
NJ Attorney ID: 379482021
**John Macoretta**
NJ Attorney ID: 03912-1990
**William Caldes**
NJ Attorney ID: 00062-1995
**Diana Zinser**
*Pro Hac Vice forthcoming*
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300
Attorneys for Plaintiff

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
Stanley O. King
NJ Attorney ID: 034131996
1000 Haddonfield- Berlin Road
Suite 203
Voorhees, NJ 08043
Phone: (856) 596-4100

GARBER LAW, P.C.
Evan Samuel Garber
NJ Attorney ID: 380102021
The Greens of Laurel Oak
1200 Laurel Oak Road, Suite 104
Voorhees, New Jersey 08043
Phone: (856) 435-5800

*Attorneys for Plaintiff and the Proposed Class*

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000686-24

**Case Caption:** AQUILINO ANTHONY  VS SPRUCE POWER 3 LLC

**Case Initiation Date:** 05/29/2024

**Attorney Name:** CARY ZHANG

**Firm Name:** SPECTOR ROSEMAN & KODROFF PC

**Address:** 2001 MARKET ST STE 3420

PHILADELPHIA PA 19103

**Phone:** 2154960300

**Name of Party:** PLAINTIFF : Aquilino, Anthony

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** OTHER NJ Consumer Protection and Breach of Warranty

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Anthony Aquilino?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/29/2024
Dated

/s/ CARY ZHANG
Signed

# EXHIBIT B

**GARBER LAW**
A PROFESSIONAL CORPORATION
Evan Samuel Garber, Esquire
NJ Attorney ID: 380102021
The Greens of Laurel Oak
1200 Laurel Oak Road, Suite 104
Voorhees, New Jersey 08043
Phone: (856) 435-5800
Fax: (856) 435-7676
Email: garberlawoffice@comcast.net
Attorney for Plaintiff

---

| | |
|---|---|
| ANTHONY AQUILINO, individually and on behalf of all others similarly situated, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION GLOUCESTER COUNTY |
| Plaintiff, | Civil Action |
| v. | Docket No.: GLO-L-686-24 |
| SPRUCE POWER 3, LLC; SPRUCE POWER HOLDING CORP.; and ABC CORPORATIONS 1-10, Fictitious Entities, j/s/a, | |
| Defendants. | **ENTRY OF APPEARANCE** |

---

TO THE CLERK OF COURT:

Kindly enter the appearance of Evan Samuel Garber, Esq., as counsel for Plaintiff, Anthony Aquilino, in the above-captioned matter.

GARBER LAW
A Professional Corporation

EVAN SAMUEL GARBER, ESQUIRE
Attorney for Plaintiff

Dated: May 29, 2024

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY        NJ 08096

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:  MAY 29, 2024
                    RE:    AQUILINO ANTHONY  VS SPRUCE POWER 3 LLC
                    DOCKET: GLO L -000686 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON TIMOTHY W. CHELL

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      102
AT:  (856) 878-5050 EXT 15255.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: CARY ZHANG
                         SPECTOR ROSEMAN & KODROFF PC
                         2001 MARKET ST
                         STE 3420
                         PHILADELPHIA      PA 19103


ECOURTS

Anthony Aquilino, individually and on
behalf of all others similarly situated

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION**
**GLOUCESTER COUNTY**

Plaintiff

**DOCKET NO.: GLO-L-000686-24**

vs.

**Spruce Power 3, LLC, et al.**

Defendant

**Person to be served** (Name & Address):
**Spruce Power 3, LLC c/o CSC**
**Princeton South Corporate Ctr., Ste. 160, 100 Charles Ewing Blvd.**
**Ewing, NJ 08628**
**Attorney:**
**Cary Zhang**
**SPECTOR, ROSEMAN, & KODROFF**
**2001 Market St. 3420**
**PHILA., PA 19103**

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
**SUMMONS AND COMPLAINT**

**Service Data:**
Served Successfully **XXXX**      Not Served _____      Date: **06/03/2024**    Time: **12:50PM**

_____  Delivered a copy to him / her personally

_____  Left a copy at his/her dwelling place or usual
place of abode by delivering same to a
competent household member over
14 years of age residing therein
(Indicate name & relationship at right)

**XXXX**  Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name & official title at right)

Name of Person Served and
relationship / title:
**Yvonne Hudson,**
**Authorized to Accept**
**Pursuant to Rule 4:4-4(a)(5).**

Actual place of service:
**Princeton South Corporate Ctr., Ste. 160, 100 Charles Ewing Blvd.**
**Ewing, NJ  08628**

**Description of Person Accepting Service:**

Sex: **FEMALE** Age: **45-50**   Height: **5'5**     Weight: **160**    Skin Color: **BLACK**   Hair Color: **BLACK**

**Unserved:**

_____ Defendant is unknown at the address furnished by the attorney
_____ All reasonable inquiries suggest defendant moved to an undetermined address
_____ No such street in municipality
_____ No response on: _____ Date _____ Time      _____ Date _____ Time
                                                    _____ Date _____ Time

_____ Other: _____ Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
_**3**_ day of _**June 2024**_

_____
Name of Notary / commission expiration

I, CARMELA MENICHINI, was at the time of service a
competent adult not having a direct interest in
the litigation. I declare under penalty that the
foregoing is true and correct.

_____ Date **6/3/24**
**CARMELA MENICHINI**
**Best Legal Services, Inc. - (Our File#: 123200)**
**1617 John F. Kennedy Blvd. Suite 805**
**Philadelphia, PA  19103**
**(215) 567-7777**

GERARD C. MENICHINI
Commission # 2346136
Notary Public, State of New Jersey
My Commission Expires
June 21, 2026

Anthony Aquilino, individually and on
behalf of all others similarly situated

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION**
**GLOUCESTER COUNTY**

Plaintiff

**DOCKET NO.: GLO-L-000686-24**

vs.

**Spruce Power 3, LLC, et al.**

Defendant

Person to be served (Name & Address):
**Spruce Power Holding Corp. c/o CSC**
**Princeton South Corporate Ctr., Suite 160, 100 Charles Ewing Blvd.**
**Ewing, NJ 08628**

**AFFIDAVIT OF SERVICE**
(Issued by Private Service)

Attorney:
**Cary Zhang**
**SPECTOR, ROSEMAN, & KODROFF**
**2001 Market St. 3420**
**PHILA., PA 19103**

Cost of Service pursuant to R. 4:4-3(c)

$_____

Papers Served:
**SUMMONS AND COMPLAINT**

Service Data:
Served Successfully __XXXX__     Not Served _____     Date: __06/03/2024__     Time: __12:30PM__

_____  Delivered a copy to him / her personally

_____  Left a copy at his/her dwelling place or usual
place of abode by delivering same to a
competent household member over
14 years of age residing therein
(indicate name & relationship at right)

__XXXX__  Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(indicate name & official title at right)

Name of Person Served and
relationship / title:
**Yvonne Hudson,**
**Authorized to Accept**
**Pursuant to Rule 4:4-4(a)(5).**

Actual place of service:
**Princeton South Corporate Ctr., Suite 160, 100 Charles Ewing Blvd.**
**Ewing, NJ  08628**

**Description of Person Accepting Service:**

Sex: __FEMALE__ Age: __45-50__   Height: __5'5__   Weight: __160__   Skin Color: __BLACK__   Hair Color: __BLACK__

**Unserved:**

____  Defendant is unknown at the address furnished by the attorney
____  All reasonable inquiries suggest defendant moved to an undetermined address
____  No such street in municipality
____  No response on: _____ Date _____ Time        _____ Date _____ Time
                                            _____ Date _____ Time

____  Other:_____  Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this
__3__ day of __June 2024__

_____
Name of Notary / commission expiration

I, CARMELA MENICHINI, was at the time of service a
competent adult not having a direct interest in
the litigation. I declare under penalty that the
foregoing is true and correct.

_____ Date __6/3/24__

**CARMELA MENICHINI**
**Best Legal Services, Inc. - (Our File#: 123201)**
**1617 John F. Kennedy Blvd. Suite 805**
**Philadelphia, PA  19103**
**(215) 567-7777**

GERARD C. MENICHINI
Commission # 2346136
Notary Public, State of New Jersey
My Commission Expires
June 21, 2026

# EXHIBIT C

Thomas R. Curtin
Kathleen N. Fennelly
**McElroy, Deutsch, Mulvaney & Carpenter,**
**LLP**
1300 Mount Kemble Ave.
PO Box 2075
Morristown, NJ 07962-2075
Telephone: (973) 993-8100
Email: tcurtin@mdmc-law.com
kfennelly@mdmc-law.com

ATTORNEYS FOR DEFENDANTS
Spruce Power 3, LLC and Spruce Power
Holding Corp.

| | |
|---|---|
| ANTHONY AQUILINO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SPRUCE POWER 3; SPRUCE POWER HOLDING CORP.; ABC Corporations 1-10; and Fictitious Entities j/s/a,<br><br>        Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  GLOUCESTER COUNTY**<br><br>Civil Action<br><br>Docket No.: GLO-L-000686-24<br><br>**NOTICE OF FILING**<br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendants Spruce Power 3, LLC, and Spruce Power

Holding Corp. hereby give notice to the Superior Court, Law Division, of Gloucester County,

New Jersey, that Defendant filed a Notice of Removal of the above-captioned case with the

United States District Court for the District of New Jersey on July 3, 2024. A true and correct

copy of the Notice of Removal, without attachments, is attached to this Notice of Filing Notice

of Removal.

Under 28 U.S.C. § 1446(d), the filing of this Notice effects the removal of this action,

and the Court may proceed no further unless and until this case is remanded.

Dated:  July 3, 2024.                    Respectfully submitted,

_s/ Kathleen N. Fennelly_
Thomas R. Curtin
Kathleen N. Fennelly
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Ave.
PO Box 2075
Morristown, NJ 07962-2075
Telephone: (973) 993-8100
Email: tcurtin@mdmc-law.com
kfennelly@mdmc-law.com

Attorneys for Defendant Spruce Power 3, LLC and
Spruce Power Holding Corp.

8704175.1                                    2

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** was filed and served using the court's e-filing system this 3rd day of July, 2024.


*s/ Kathleen N. Fennelly*
_____